IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VERLIE MURRY, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| AVEANNA HEALTHCARE AS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Verlie Murry, by and through undersigned counsel, and files this Complaint for Damages against Defendant Aveanna Healthcare AS, LLC ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on February 18, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff was hired by Defendant as a certified nurse's assistant in December 2020.

9.

The hiring process was completed via text/email/phone. Plaintiff reported for orientation on or about December 21, 2020. At orientation, Defendant learned for the first time that Plaintiff has a disability, specifically that Plaintiff is missing approximately half of an arm. The RN doing the orientation, Angela, asked Plaintiff about her disability and how Plaintiff washed her hands.

10.

Plaintiff left orientation scheduled to start on or about December 24, 2020. Plaintiff received a text message from Yolanda on December 24th directing Plaintiff to call Marisa Fountain, Defendant's Operations Manager. Plaintiff called Fountain who told Plaintiff that they had reconsidered my position and were not moving forward with Plaintiff's employment because of her arm issue.

11.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge.

12.

Plaintiff was able to perform the essential job functions of the job for which she was hired.

13.

Defendant terminated/failed to hire Plaintiff because of her disability or perceived disability.

14.

In terminating/failing to hire Plaintiff, Defendant discriminated against Plaintiff because of her disability.

15.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)**

16.

Plaintiff repeats and re-alleges paragraphs 7-15 as if set forth fully herein.

17.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

18.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

19.

At times relevant to this action, Plaintiff has been an individual with disability as that term has been defined by the ADA.

20.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate/fail to hire Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination/failure to hire of Plaintiff.

21.

Plaintiff's disability or perceived disability was a determinative factor in Defendant's decision to terminate/fail to hire Plaintiff.

22.

At all times relevant, Plaintiff could perform the essential functions of her position.

23.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

24.

In terminating/failing to hire Plaintiff, Defendant discriminated against Plaintiff because of her disability, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

25.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

26.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

27.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 18th day of March, 2021.

                              **BARRETT & FARAHANY**

                              s/V. Severin Roberts
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              *Attorney for Verlie Murry*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com